UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20132-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ADRIAN TERRY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Request for Summons and Modification of the Conditions or Term of Supervision (DE # 539). This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing, with respect to this Petition (DE # 544). Based upon the admission in Court of the alleged violations, and Defendant Terry's oral and written waiver of a sentencing hearing and consent to the proposed modification, it is recommended that the Court enter the proposed modification, as set forth below.

## BACKGROUND

On December 9, 2002, Defendant Adrian Terry was sentenced to serve 188 months of incarceration, followed by four years of supervised release, as a result of his conviction for two counts of possession with intent to distribute cocaine base. On September 21, 2004, the sentence was reduced and amended to 94 months of

incarceration.  The Defendant's term of supervision began on December 24, 2008.

Thereafter, on May 21, 2009, his term of supervised release was modified to include 120

days in a Residential Reentry Center.

In the present petition, the defendant is charged with two violations of his

supervised release as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Violation of Standard Condition, by failing to submit a truthful and complete written monthly report within the first five (5) days of each month.  The defendant has failed to submit a written monthly report for the months of December 2009 through May 2010. |
| 2. | Violation of Standard Condition, by failing to notify the probation office of a change in residence.  On or about May 1, 2010, the defendant moved from his approved residence . . . and failed to notify the probation officer 10 days prior to any change. |

As a result of these violations, the U.S. Probation Officer recommended the

following modification of supervised release:

The defendant shall participate in the Location Monitoring Program for a period of 120 days.  During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer.  The defendant shall maintain a telephone at his place of residence without "call forwarding," call waiting," a modem, "caller ID," or "call back/call block" services for the above period.  The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. Probation Officer. The defendant shall pay for th electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.

On September 7, 2010, the defendant Adrian Terry appeared in Court with his

court-appointed counsel, AFPD Vincent Farina.  At that time, he was advised of the

-2-

nature of the violations, the proposed modification, and his rights.  The Defendant

admitted the above violations, waived his right to an evidentiary hearing before the

undersigned Magistrate Judge, and waived his right to a hearing on the proposed

modification before the District Judge, and agreed to the proposed modification.  The

U.S. Probation Officer produced a form which had been executed by the Defendant on

June 21, 2010.  The parties advised the Court that the Defendant initially had agreed to

the proposed modification, but had then changed his mind, resulting in the present

proceedings.  However, after considering the matter again, the Defendant re-affirmed his

initial position that he desired to waive his right to a hearing and consent to the

proposed modification.  He therefore re-executed in open Court the form Waiver of

Hearing to Modify Conditions of Supervised Release. A copy of the Waiver Form is

attached to this Report and Recommendation.

## RECOMMENDATION

Based upon the foregoing, it is hereby

**RECOMMENDED** that the Defendant's term of supervised release be modified in

accordance with the above proposed modification.

The parties have fourteen (14) days from the date of this Report and

Recommendation within which to serve and file written objections, if any, with the

Honorable K. Michael Moore, United States District Court Judge.  Failure to file

objections timely shall bar the parties from attacking on appeal the factual findings

-3-

contained herein.  *LoConte v. Dugger*, 847 F. 2d 745 (11th Cir. 1988); *RTC v. Hallmark*

*Builders, Inc.,* 996 F. 2d 1144, 1149 (11th Cir. 1993).

      **DONE AND SUBMITTED** in chambers in Miami, Florida, on September 20, 2010.

                                Andrea M. Simonton
                                ANDREA M. SIMONTON
                                UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge K. Michael Moore
All counsel of record

PROB 49
(3/89)

SD/FL PACTS # **58810**

> CONFIDENTIAL
> DO NOT FILE   DO NOT SCAN
> RETURN TO PROBATION

9/7/2010  Not sealed
*Andrea M Simonton*

## UNITED STATES DISTRICT COURT
## DISTRICT OF

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended.  By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel.  I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel.  I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The defendant shall participate in the Location Monitoring Program for a period of 120 days.  During this time the defendant shall remain at his place of residence except for employment and other activities approved in advance by the U.S. Probation Officer. The defendant shall maintain a telephone at his place of residence without "call forwarding", "call waiting", a modem, "caller ID", or "call back/call block" services for the above period. The defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures specified by the U.S. Probation Officer. The defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with ability to pay.**

Witness: *Garry Hackett*
U.S. Probation Officer
Garry L. Hackett

Signed: *Adrian Terry*  Probationer
or Supervised Releasee
Adrian Devon Terry

6-21-10
Date

*Having considered this matter again at the
hearing in open court before Magistrate Judge Simonton
on September 7, 2010, I reaffirm my waiver of a hearing
and consent to the above modification.*

*Vincent Farina, AFPD*
*Garry Hackett, USPO*

Supv.Rel/Probation: *Adrian Terry*
*Andrea M Simonton, U.S. Mag. Judge*